IN RE:                       )      Case No: **12-10652**

                             )

        **Patricia Kendall,**           )

                 DEBTOR(S)    )

**FIRST AMENDED**
**CHAPTER 13 PLAN**

1. **PAYMENTS**

   The Debtor or Debtors (hereinafter called "Debtor") submit to the Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the Chapter 13 Plan (hereinafter called "Plan"). The total number of payments shall be **See Section 11**, and in the amount of **See Section 11**. The pre-confirmation Plan payments to the Trustee must begin 30 days from the date of the filing of the Plan or the Order of Relief, whichever is earlier. The post-confirmation Plan payments to the Trustee will commence on the 20th of the first month after the Plan is confirmed. Upon post-confirmation dismissal of this Plan, all funds held by the Trustee shall be disbursed to Administrative Costs and Creditors.

   Debtor elects a voluntary wage order _____

2. **PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS**

   The following pre-confirmation adequate protection payments on claims secured by personal property shall be paid by the Trustee to the below listed creditors. The Debtor proposing pre-confirmation payments will commence these payments to the Trustee within 30 days of the date this Plan was filed or the Order of Relief, whichever is earlier. Creditors must file a proof of claim to receive payment from the Trustee. Payments by the Trustee should commence to these Creditors within 30 days of the filing of the proof of claim. Upon a pre-confirmation dismissal, all adequate protection order payments held by the Trustee shall be disbursed to Creditors.

   | Name of Creditor | Collateral Description | Monthly Payment |
   |---|---|---|
   | **1. None** | | $ |
   | **2.** | | $ |
   | **3.** | | $ |

3. **ADMINISTRATIVE COSTS**

   Trustee shall receive a percentage of each plan payment, whether made before or after confirmation, as established by the United States Trustee.

   Chapter 13 Attorney fees may be included in a Chapter 13 Plan. Fees and costs requested for allowance are as follows:

   | Total Fees & Costs Requested | Fees & Costs Received | Balance of Fees & Costs Due | Monthly Payment |
   |---|---|---|---|
   | **$4,500.00** | **$2,000.00** | **$2,500.00** | **$85.00** |

   Fees and costs allowed shall be paid at a monthly rate not to exceed 10% of the balance of the above fees and costs remaining to be paid and will accrue concurrently with pre-confirmation adequate protection payments listed in Section 2 above and will be paid with Secured Debt as listed in Section 4A below. Upon a pre-confirmation dismissal, all accrued pre-confirmation attorney fees and costs payments held by the Trustee shall be disbursed to the attorney.

Case: 12-10652    Doc# 25    Filed: 05/03/12    Entered: 05/03/12 15:44:15    Page 1 of 5

4. **SECURED CLAIMS**

   Interest shall accrue on all secured claims from the date the petition is filed. Interest will be calculated at 10% per annum unless the Debtor specifies otherwise in this Plan. Secured Creditors will retain their liens until their allowed secured claims have been paid.

   A) **Post-Confirmation Payments to Creditors Secured by Personal Property**

   The Debtor seeks a determination that the value of the collateral is as set forth below. Failure to object to this listed amount shown may result in the Creditor's secured claim being limited to the collateral value amount listed.

   With respect to a debt for which Debtor has written "Yes" in the column "Surrender" and where the Creditor files a written objection to the treatment provided such debt, Debtor surrenders all interest in the collateral, and the debt shall be treated under Section 4B below.

| Name of Creditor | Collateral Description | Collateral Value | Secured Debt Amount | Interest Rate | Monthly Payment | Surrender Yes/No |
|---|---|---|---|---|---|---|
| **1. None** | | $ | $ | % | $ | |
| **2.** | | $ | $ | % | $ | |
| **3.** | | $ | $ | % | $ | |
| **4.** | | $ | $ | % | $ | |
| **5.** | | $ | $ | % | $ | |

   B) **Surrender of Property**

   The Debtor surrenders any interest in the following collateral. The Debtor waives the protection of the automatic stay and allows the affected Creditor to obtain possession and dispose of its collateral, without further Order of the Court. Any secured claim filed by the below Creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for unsecured debts.

| Name of Creditor | Collateral to be surrendered |
|---|---|
| **1. None** | |
| **2.** | |

   C) **Post Petition Payments on Real Property Debt Paid by Debtor**

| Name of Creditor | Property Address | Monthly Payment Amount |
|---|---|---|
| **1. BAC Home Loans/Bank of America (1st Deed of Trust ONLY)** | **206 Webster Street, Petaluma, CA 94954** | **$2,200.00** |
| **2.** | | $ |

   D) **Pre-Petition Debt on Real Property**

   The Trustee shall pay defaulted real property debt. This prorata payment for defaulted real property debts will begin after payment in full of the Attorney fees and costs listed in section 3 above.

| Name of Creditor | Property Address | Defaulted Debt | Interest Rate |
|---|---|---|---|
| **1. See Section 11** | | $ | % |
| **2.** | | $ | % |

5. **EXECUTORY CONTRACTS/LEASES**

   A) The Debtor assumes the executory contract(s)/lease(s) referenced below and provides for the regular contract/lease payment(s), both pre-confirmation and post- confirmation, to be paid directly by the Debtor. Any pre-petition lease arrearage will be paid through this Plan after payment of arrearages listed in 4D above.

| Name of Creditor/Lessor | Property Address | Lease Arrearages as of Date of Filing | Arrearage Payment by Trustee | Regular # of Lease Payments Remaining as of Date of Filing | Lease Payment By Debtor |
|---|---|---|---|---|---|
| **1. None** | | $ | $ | | $ |

B) The Debtor rejects the following executory contract/lease and surrenders any interest in property securing these executory contracts/leases.  The Debtor waives the protection of the automatic stay and allows the affected Creditor to obtain possession and dispose of its collateral, without further Order of the Court.  Any unsecured claim resulting from the rejection must be filed by the bar date for unsecured debts:

| Name of Creditor/Lessor | Identity of Executory Contract/Lease | Property Subject to Executory Contract/Lease |
|---|---|---|
| **1. None** | | |
| **2.** | | |

## 6. PRIORITY CLAIMS

Trustee shall pay all unsecured priority claims listed in 6B below, prior to paying those unsecured priority claims listed in sections 6C, 6D, and 6E below, which will be paid prorata .  The amount paid on these priority claims will be the amounts of the Creditors' allowed claims.

### A) Post Petition Domestic Support Obligations:

1) __X__ None.

2) The name(s), and address(es) of the holder of ANY domestic support obligation.

| Name | Address |
|---|---|
| **1.** | |
| **2.** | |

3) The Debtor  will pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

### B) Pre-Petition Arrearages owed to Domestic Support Obligation Creditors:

1) __X__ None.

2) Name of holder of Domestic Support Obligation Arrearage Claim, arrears and monthly payment.

| Name of Holder | Arrearage Claim | Monthly Payment on Arrearage |
|---|---|---|
| **1.** | $ | $ |
| **2.** | $ | $ |

### C) Pre-Petition Domestic Support Obligations assigned to or owed to a governmental unit:

1) __X__ None.

2) Name of Creditor, arrearage claim and payment provisions:

| Name of Creditor | Arrearage Claim | Provision for Payment |
|---|---|---|
| **1.** | $ | |
| **2.** | $ | |

Case: 12-10652   Doc# 25   Filed: 05/03/12   Entered: 05/03/12 15:44:15   Page 3 of 5

D)  **Priority Tax Claims**:

| Name of Creditor | Address | Amount Due |
|---|---|---|
| **1. Internal Revenue Service** | | **$11,098** |
| **2. Franchise Tax Board** | | **$193** |


E)  **Other Priority Claims:**

| Name of Creditor | Address | Amount Due |
|---|---|---|
| **1. None** | | **$** |


7.  **UNSECURED DEBTS TO BE PAID WITH INTEREST**

   A)  The following debts shall be paid in full with interest from petition date.

| Name of Creditor | Address | Amount Due | Interest Rate |
|---|---|---|---|
| **1. None** | | **$** | **%** |
| **2.** | | **$** | **%** |


8.  **OTHER UNSECURED DEBTS**
   Allowed unsecured claims in Sections 7 and this Section 8 shall be paid prorata all remaining funds, after payment of the debts described above in Sections 2 through 6 above.  The amounts paid in Section 7 and this Section 8 are estimated to be 1% percent of unsecured non-priority debts.

9.  Trustee is to be provided, thru the commitment period of the Plan, with Debtor's future Federal Tax Returns, beginning with the 2012 tax year, by May 15th of the year following the year of the return.  Trustee may request and Debtor must supply current income and expense information, on required Trustee forms,  for each of the years that the tax returns are provided.

10. The Debtor elects to have property of the estate revest in the Debtor upon Plan confirmation.  Once the property revests, the Debtor may sell or refinance real or personal property, without further order of the Court, upon approval of the Chapter 13 Trustee.

11.  The Debtor further proposes pursuant to 11 USC § 1322(b):

   **A.  Lien against home by Countrywide/Bank of America (Second Deed of Trust) will be avoided pursuant to 11 U.S.C. sections 506 and 1322 by motion or adversary proceeding.  The debt to Countrywide/Bank of America will be treated as a general unsecured claim.  Debtors reserve their rights to object to any such claim, including on the ground the debt is non-recourse.**
   **B.  Payments to Chapter 13 Trustee under section 1 of plan will be $100 for 6 months, then $273 for 54 months.**
   **C.  Loan Modification:**
   **(1) The deed of trust with BAC Home Loans/Bank of America (hereinafter Creditor) encumbers real property located at 206 Webster Street, Petaluma, CA 94954, and secures a loan that is the subject of a pending application to modify loan.  The monthly payment listed in Section 4C represented a projected payment under the pending application to modify loan, and may not be the applicable payment once the pending application to modify loan is approved or denied.**
   **(2) If  Creditor approves the pending application to modify loan, the monthly payment Debtor is to pay directly to Creditor under Section 4C of the Plan shall be the amount specified in the loan modification.  If Creditor approves the application to modify loan on terms that change the amount of arrears to be paid under Section 4D of the Plan, alters Plan payments Debtor is to pay Trustee, or adversely affects the amount to be paid to unsecured creditors, Debtor shall file an amended Plan reflecting such changes, within 14 days of receipt of the approval.**
   **(3) As long as an application to modify loan is pending, the Trustee will not make payment on account of any pre-petition arrears claimed and filed by Creditor.**
   **(4) If Creditor denies the application to modify loan, Debtor shall, within 14 days from the mailing of written notice by the Creditor denying the application, file an amended Plan providing in Section 4C for**

Case: 12-10652   Doc# 25   Filed: 05/03/12   Entered: 05/03/12 15:44:15   Page 4 of 5

**full monthly post-petition payments, and providing in Section 4D for the full payment of pre-petition and post-petition arrears. Pre-petition arrears are estimated to be $60,000.**

**(5) In the event Debtor fails timely to file an amended Plan as provided for above: (a) this Plan is by its own terms amended to provide that Creditor's rights under applicable non-bankruptcy law are not modified in any respect by this Plan; (b) Debtors shall be deemed to be in material default under the Plan; and (c) the Trustee or Creditor may, upon proper notice, file a motion for relief from stay or a motion to dismiss the case based on such default.**


Dated: April 30, 2012.       _/s/ Patricia Kendall_           _/s/_____
                                   (Debtor)                         (Debtor)


I, Thomas F. Jeffrey, am legal counsel for the above named Debtor and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., San Francisco/Santa Rosa Division, Model Chapter 13 Plan (April 1, 2008), promulgated pursuant to B.L.R. 1007-1.

                                               _/s/ Thomas F. Jeffrey_
                                                 Attorney for Debtor

Case: 12-10652    Doc# 25    Filed: 05/03/12    Entered: 05/03/12 15:44:15    Page 5 of 5