L. Bryant Jaquez, Esq.
California Bar No.252125
MILES, BAUER, BERGSTROM & WINTERS, LLP
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705
(714) 481-9100 / FAX (714) 481-9144
File No. 12-01963

Attorneys for Movant,
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-4, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-4

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>PATRICIA ANNE KENDALL,<br><br>Debtor. | Case No.: 12-10652-AJ<br>Chapter 13<br>R.S. No. N/A<br><br>**Hearing –**<br>Date: March 27, 2014<br>Time: 9:00 A.M.<br>Place: U.S. BANKRUPTCY COURT,<br>99 South E Street,<br>Santa Rosa, CA 95404<br>Courtroom N/A |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(REAL PROPERTY)**

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-4, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-4 ("Movant") hereby moves this Court, pursuant to 11 U.S.C. §362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of **206 Webster Street, Petaluma, CA 94952** (the "Property"). The facts and circumstances

1

supporting this Motion are set forth in the Declaration in Support of Motion for Relief from Automatic Stay filed contemporaneously herewith (the "Declaration"). In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on March 5, 2012.

2. A Chapter 13 Plan was confirmed on August 23, 2012.

3. The Debtor has executed and delivered that certain promissory note in the original principal amount of $468,000.00 (the "Note"). Movant is an entity entitled to enforce the Note. Movant, directly or through an agent, has possession of the Note. A copy of the Note is attached hereto as **Exhibit "1"**.

4. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor under the Note and the Deed of Trust with respect to the Loan are secured by the Property. A copy of the Deed of Trust is attached hereto as **Exhibit "2"**.

5. All rights and remedies under the Deed of Trust have been assigned to the Movant pursuant to that certain assignment of deed of trust, a copy of which is attached hereto as **Exhibit "3"**.

6. Resurgent Capital Services, services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant.

///

///

///

7. As of February 19, 2014, the outstanding Obligations are:

| Unpaid Principal Balance | $425,395.76 |
|---|---|
| Unpaid, Accrued Interest | $0.00 |
| Costs | $10,477.19 |
| **Less**: Partial Payments | ($0.00) |
| Minimum Outstanding Obligations | $435,872.95 |

8. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and $176.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 23 | 04/01/2012 | 02/01/2014 | $2,805.90 | $64,535.70 |

Total: $ **64,535.70**

The total set forth in this paragraph represents only the postpetition principal, interest, and escrow (if any) amounts that are, as of February 19, 2014, due but not paid, less any partial payments or suspense balance. It cannot be relied upon as a payoff or reinstatement amount. The exact postpetition reinstatement amount is available from counsel for Movant upon request.

10. Cause exists for relief from the automatic stay for the following reasons:

(a) Movant's interest in the Property is not adequately protected.

(b) Postconfirmation payments required by the confirmed plan have not been made to Movant.

(c) Pursuant to 11 U.S.C. §362(d)(2)(A), Debtor has no equity in the Property; and pursuant to §362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

5. For such other relief as the Court deems proper.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: 2/27/14      By: _____
                         L. Bryant Jaquez, Esq.
                         Attorney for Movant

12-01963/ndbacmfr.dot/ahp